IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLARENCE L. ARTIS, JR.,<br><br>     Petitioner,<br><br>  vs.<br><br>DAVID ROCK, Superintendent, Upstate Correctional Facility,<br><br>     Respondent. | No. 9:12-cv-00814-JKS<br><br>ORDER<br>[Re: Motions at Docket Nos. 35, 36, and 37] |

  The record indicates that, on April 21, 2014, this Court dismissed the Petition for a Writ of Habeas Corpus filed by Clarence L. Artis, Jr., a state prisoner proceeding *pro se*, and also denied him a Certificate of Appealability. Docket Nos. 33, 34. At Docket No. 35, Artis filed a letter asking this Court to "reconsider [its] decision or grant [him] a certificate of appealability." *Id.* at 4. At Docket No. 36, Artis moves for reconsideration of this Court's order dismissing his Petition. Artis filed a letter in support of his reconsideration motion at Docket No. 37.

  Because Artis is seeking reconsideration of the judgment of this Court and the motion was filed within 28 days of entry of judgment, his motion is treated as a Motion to Alter or Amend the Judgment under Federal Rule of Civil Procedure 59(e). *See* FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

  There are four basic grounds upon which a Rule 59(e) motion may be granted: (1) to correct manifest errors of law or fact upon which the judgment is based; (2) to present newly discovered or previously unavailable evidence; (3) to argue an intervening change in controlling law; and (4) to prevent manifest injustice. 11 CHARLES ALAN WRIGHT ET AL., FEDERAL

PRACTICE AND PROCEDURE § 2810.1 (3d ed. 2012); *see also Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 153 (2d Cir. 2008) (district courts may alter or amend a judgment "to correct a clear error of law or prevent manifest injustice" (citation omitted)). A Rule 59 motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting WRIGHT ET AL., *supra*, § 2810.1 (2d 1995)).

Artis has not made an adequate showing under any of the four basic grounds for amending or altering the judgment referenced above; rather, he simply repeats arguments raised in his Petition. In addressing the merits of Artis's Petition, this Court examined each of those claims in detail and rejected them. Artis's arguments in the motion before this Court are nothing more than a rehash of the arguments already made and rejected by this Court. Artis has accordingly failed to provide any basis upon which this Court could alter or amend the judgment. Artis additionally fails to provide any basis for this Court to reconsider its prior determination not to grant a Certificate of Appealability.

Artis further requests an evidentiary hearing. Docket No. 36 at 2. The Supreme Court made clear in *Pinholster* that "review under [28 U.S.C.] § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011); *see Townsend v. Sain*, 372 U.S. 293, 312-13, 319 (1963), *overruled on other grounds by Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992), *superceded in part by statute*, 28 U.S.C. 2254(e)(2) (1996). "Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." *Williams v. Taylor*, 529 U.S. 420, 437 (2000) (quoted with approval in *Pinholster*, 131 S. Ct. at

1401); *see Harrington v. Richter*, 131 S. Ct. 770, 787 (2011) (noting that the basic structure of federal habeas jurisdiction is designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions); *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977) ("[T]he state trial on the merits [should be] the 'main event,' so to speak, rather than a 'tryout on the road' for what will later be the determinative federal habeas hearing.") "If the state-court decision 'identifies the correct governing legal principle' in existence at the time, a federal court must assess whether the decision 'unreasonably applies that principle to the facts of the prisoner's case.'" *Pinholster*, 131 S. Ct. at 1399 (quoting *Williams*, 529 U.S. at 413). As the Supreme Court noted, "[i]t would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court." *Id.* Although under *Pinholster* an evidentiary hearing in a federal habeas proceeding is not absolutely precluded, *Pinholster* also made clear that the discretion to grant a request for an evidentiary hearing is cabined by § 2254(e)(2), *id.* at 1400-01, which provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
> (A) the claim relies on—
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Artis's request in this case does not meet that standard. Nor, based upon the record before this Court, can it be said that the state courts precluded him from developing the factual basis for his claim. *See Pinholster*, 131 S. Ct. at 1417 n.5 (Sotomayer, J., dissenting) (assuming

3

that the majority did not intend to preclude an evidentiary hearing when the petitioner's ability to develop the facts was the fault of the state court itself). As this Court noted in its earlier decision, the state court did not err in denying Artis relief on his juror misconduct claim without holding an evidentiary hearing, and Artis is not entitled to an evidentiary hearing on this claim in federal court either. Docket No. 33 at 7-12.

**IT IS THEREFORE ORDERED THAT** the Motions for Reconsideration and for a Certificate of Appealability at Docket Nos. 35, 36, and 37 are **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability. 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))). Any further request for a Certificate of Appealability must be addressed to the Court of Appeals. *See* FED. R. APP. P. 22(b); 2D CIR. R. 22.1.

Dated: May 2, 2014.

        /s/ James K. Singleton, Jr.
      JAMES K. SINGLETON, JR.
     Senior United States District Judge