IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLARENCE L. ARTIS, JR.,<br><br>                  Petitioner,<br><br>vs.<br><br>DAVID ROCK, Superintendent, Upstate Correctional Facility,<br><br>                  Respondent. | No. 9:12-cv-00814-JKS<br><br>ORDER<br>[Re: Motions at Docket Nos. 39, 40] |

        The record indicates that, on April 21, 2014, this Court dismissed the Petition for a Writ of Habeas Corpus filed by Clarence L. Artis, Jr., a state prisoner proceeding *pro se*, and also denied him a Certificate of Appealability. Docket Nos. 33, 34. At Docket No. 35, Artis filed a letter asking this Court to "reconsider [its] decision or grant [him] a certificate of appealability." At Docket No. 36, Artis moved for reconsideration of this Court's order dismissing his Petition. Artis filed a letter in support of his reconsideration motion at Docket No. 37. This Court denied those motions for reconsideration on May 2, 2014. Docket No. 38.

        After the Court's order denying those motions was entered, Artis submitted an additional affidavit dated May 5, 2014, in support of his motion for reconsideration at Docket No. 39. The affidavit raises contentions not raised in his previous filings at Docket Nos. 36, 37, or 38. This Court will therefore construe the affidavit at Docket No. 39 as an additional Motion for Reconsideration. Artis also filed at Docket No. 40 an Amended Reconsideration Motion dated May 11, 2014.

        Because Artis is seeking reconsideration of the judgment of this Court and the motions were filed within 28 days of entry of judgment, his motions are treated as Motions to Alter or

Amend the Judgment under Federal Rule of Civil Procedure 59(e).  *See* FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

There are four basic grounds upon which a Rule 59(e) motion may be granted: (1) to correct manifest errors of law or fact upon which the judgment is based; (2) to present newly discovered or previously unavailable evidence; (3) to argue an intervening change in controlling law; and (4) to prevent manifest injustice.  11 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2810.1 (3d ed. 2012); *see also Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 153 (2d Cir. 2008) (district courts may alter or amend a judgment "to correct a clear error of law or prevent manifest injustice" (citation omitted)).  A Rule 59 motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting WRIGHT ET AL., *supra*, § 2810.1 (2d 1995)).

Artis first raises a new argument that he was wrongfully denied a *Huntley*[1] hearing to determine the admissibility of a letter he wrote to his daughter.  Docket No. 39 at 1; Docket No. 40 at 1.  However, "[a] motion for reconsideration is not an opportunity for making new arguments that could have been previously advanced."  *Learning Annex Holdings, LLC v. Rich Global, LLC*, 860 F. Supp. 2d 237, 241-42 (S.D.N.Y. 2012) (internal citations and quotation marks omitted).  Furthermore, the letter to his daughter would not properly be the subject of a *Huntley* hearing, which is a pre-trial proceeding to determine the admissibility of a confession or admission made to law enforcement.  *See United States ex rel. Walker v. Henderson*, 492 F.2d

---

[1] *People v. Huntley*, 204 N.E.2d 179 (1965).

1311, 1314 n.13 (2d Cir. 1974). Because Artis cannot show that he was entitled to a *Huntley* hearing, his claim that trial counsel was ineffective for failing to request one, Docket No. 40 at 1, also must fail. *See Aparicio v. Artuz*, 269 F.3d 78, 99 (2d Cir. 2001) (holding that it is not ineffective counsel to fail to raise meritless claims).

Artis additionally argues that reversal is warranted based on the New York Appellate Division's decision in *People v. Velcher*, 982 N.Y.S.2d 905 (N.Y. App. Div. 2014). Docket No. 39 at 3-4. In that case, the defendant's conviction for a criminal sexual act in the first degree was reversed and a new trial ordered after the appellate court determined that an intoxication charge was warranted. *Velcher*, 982 N.Y.S.2d at 905-06. The appellate court concluded that the trial court erred in denying the defendant's request to give an intoxication charge to the jury because "there [was] sufficient evidence of intoxication in the record for a reasonable person to entertain a doubt as to the element of intent on that basis." *Id.* at 906 (citations omitted).

Contrary to Artis's contention, *Velcher* is not applicable in this case. Unlike in *Velcher*, Artis did not request an intoxication charge and no evidence was presented at trial that would support such a charge. Artis includes in his filing an Amended Violation Report ("Report") which he asserts shows that he "was under the influence of crack cocaine and alcohol during the time of the alleged crime." Docket No. 39 at 3. Artis does not establish, however, that the Report, which is dated January 31, 2008, is newly discovered or was otherwise unavailable at trial. "In order to succeed on a motion pursuant to Rule 60(b)(2), the movant must present evidence that is 'truly newly discovered or . . . could not have been found by due diligence.'" *United States v. Potamkin Cadillac Corp.*, 697 F.2d 491, 493 (2d Cir. 1983) (citation omitted) (affirming district court's denial of motion for reconsideration where moving party failed to

provide a convincing explanation as to why they could not have obtained the evidence earlier). Moreover, even if Artis had requested an intoxication charge, he could not prevail on this claim because the failure to give an instruction violates the federal constitution only if the omission "so infected the entire trail that the resulting conviction violates due process." *Henderson v. Kibbe*, 431 U.S. 145, 156-57 (1977) (citation omitted). Given that the record is completely devoid of evidence that Artis was intoxicated at the time of the offense, he cannot satisfy this heavy burden. In any event, the Report, which generally details Artis's criminal history and positive drug tests, does not support an intoxication charge.

**IT IS THEREFORE ORDERED THAT** the Motions for Reconsideration at Docket Nos. 39 and 40 are **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability. 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))). Any further request for a Certificate of Appealability must be addressed to the Court of Appeals. *See* FED. R. APP. P. 22(b); 2D CIR. R. 22.1.

Dated: May 16, 2014.

          /s/ James K. Singleton, Jr.
          JAMES K. SINGLETON, JR.
          Senior United States District Judge